UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JHONATAN D. ANGUISACA,

    Plaintiff,

v.                                                       Case No. 8:24-cv-832-CEH-LSG

RIPTIDE REMODELING LLC; and
JOSEPH A. DICOSTANZO, individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The plaintiff Jhonathan D. Anguisaca sues his former employer, Riptide Remodeling, LLC, and its owner Joseph A. Dicostanzo, individually, under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., for failing to pay overtime and minimum wages and for retaliatory discharge. Doc. 1. The plaintiff filed his complaint on April 4, 2024, and has yet to file proof of service.

A March 24, 2025, order required the plaintiff either (1) to show cause why the case should not be dismissed for failure to prosecute or (2) to file proof of timely service and move for a Clerk's default by March 28, 2025, which deadline I later extended to April 3, 2025. Doc. 10, 11. The plaintiff responded that "[d]espite diligent efforts, neither defendant has been successfully served to date." Doc. 12 at ¶ 5. The plaintiff says that he is unable to locate Diconstanzo and believes that Diconstanzo is evading service. Doc. 12 at ¶¶ 5-6. The plaintiff requested a sixty-day

extension of time to complete service on both defendants. Doc. 12 at ¶ 9. I discharged the order to show cause and instructed the plaintiff that by April 29, 2025, he must (1) serve the defendants and file proof of service or (2) seek alternative service of process under Rule 4, Federal Rules of Civil Procedure and Chapter 48, Florida Statutes. Doc. 14. The plaintiff fails to comply.

Absent proper service, the Court lacks jurisdiction over the defendants. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). Because the plaintiff fails to diligently prosecute this action and fails to comply with the Court's order by timely serving the defendants and filing of proof of service, the Court should dismiss this action without prejudice. FED. R. CIV. P. 4(m); *see also* Local Rule 1.10(d) ("Failure to comply with a deadline in this rule can result in dismissal of the claim or action without notice and without prejudice."); Local Rule 3.10.

Thus, I recommend (1) dismissing this case for failure to prosecute and to comply with the Court's order requiring proof of service and (2) directing the Clerk to close the case.

**REPORTED** in Tampa, Florida, on this 5th day of May 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the report and recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.